IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CAILEEN R. MIODOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV443 |
| | ) | |
| v. | ) | |
| | ) | |
| JESSE T. MIODOWSKI, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| PONCA TRIBE OF NEBRASKA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV503 |
| | ) | |
| v. | ) | |
| | ) | |
| CAILEEN ROSE SHORT, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

There are two cases currently before the court. The first case is before the court following removal by the defendant Jesse Miodowski (hereinafter Miodowski) from a state court petition for divorce filed by Caileen Rose Short (hereinafter Short) in Douglas County District Court, Omaha, Nebraska. Short argues that this federal court case should be dismissed, as this court does not have personal or subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and 12(b)(2) and thus removal from state court is improper. Filing No. 5, 8:06CV443. Short asks this court to remand her case back to state court. The second case before the court is for declaratory judgment filed by plaintiff Ponca Tribe of Nebraska (hereinafter Tribe or Ponca Tribe), against defendant Short. Short has likewise filed a

motion to dismiss in that case. Filing No. 7, 8:06CV503. Short contends that the Tribe is not a real party in interest and the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 17(a). Jurisdiction and venue are invoked pursuant to 28 U.S.C. § 1331, § 1332, § 1391(b) and 28 U.S.C. § 1441(b). These two cases are so interrelated that in the interests of judicial economy, the court will deal with both of them in this memorandum and order.

Jesse Miodowski is an enrolled member of the Ponca Tribe of Nebraska; Caileen Short is not a member of the Ponca Tribe of Nebraska; and their son, S.M., is a member of the Ponca Tribe of Nebraska. The Tribe argues that Short's actions threaten the sovereignty of the tribe and the right to self-government. The Tribe also argues that the doctrines of collateral estoppel and res judicata apply and that Short has failed to exhaust her tribal court remedies.

**Background**

Miodowski and Short were married in Omaha, Nebraska, on December 9, 2002. They had one child, S.M., on July 23, 2003. On March 2, 2004, Miodowski filed a divorce petition in the Ponca Tribal Court; Short received personal service with the petition and summons. On April 25, 2004, the Tribal Court granted temporary custody to Short and reasonable visitation with S.M. to Miodowski by issuing a temporary visitation order. The Tribal Court entered a new order specifying reasonable visitation for Miodowski. The parties subsequently reached a new visitation agreement, which Miodowski later claimed Short violated by depriving him of his scheduled visits. Short participated in all of these temporary modifications.

On February 6, 2006, Short failed to appear at the final divorce hearing. The Tribal Court granted the parties a divorce.[1] The Tribal Court entered a written Decree of Divorce on February 28, 2006. 8:06cv443, Filing No. 1, Ex. A. The decree divided the marital property, granted Miodowski primary custody of S.M., and granted Short reasonable visitation. The Tribal Court noted that Short had failed to comply with numerous court orders. Short did not challenge the Tribal Court's jurisdiction at anytime before the issuance of the divorce decree.

On May 18, 2006, Short filed a marriage dissolution action against Miodowski in the District Court of Douglas County, Nebraska. On June 19, 2006, Miodowski removed the case to the United States District Court for the District of Nebraska. On July 10, 2006, Short filed a motion to dismiss the federal court action for lack of subject matter and personal jurisdiction, and Miodowski opposed the motion.

On July 21, 2006, the Tribe filed a complaint for declaratory judgment against Short in the United States District Court for the District of Nebraska, arguing that Short's refusal to comply with the divorce decree of the Tribal Court and her attempts to collaterally attack the decree have caused the Tribe ongoing and irreparable harm. Short filed a motion to dismiss the matter on August 16, 2006, contending that the Tribe was not a real party in interest, that the Tribe and Short do not have adverse legal interests, and that it would be inappropriate to circumvent the litigation in the divorce action.

---

[1] It should be noted that plaintiff's counsel appeared for the final hearing. However, counsel requested permission to withdraw from the case, and the Tribal Court granted such permission.

3

**Discussion**

    *A.  This Court's Jurisdiction*

This court, in general, does not hear divorce cases. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). *Kahn v. Kahn*, 21 F.3d 859, (8th Cir. 1994). However, the United States Supreme Court has determined that a challenge regarding the jurisdiction of an Indian tribe does present a federal question that may be adjudicated in federal courts. *Nat'l Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 852-53 (1985). The Court stated:

> The question whether an Indian tribe retains the power to compel a non-Indian property owner to submit to the civil jurisdiction of a tribal court is one that must be answered by reference to federal law and is a federal question under § 1331. Because petitioners divested the Tribe of this aspect of sovereignty, it is federal law on which they rely as a basis for the asserted right of freedom from Tribal Court interference. They have, therefore, filed an action "arising under" federal law within the meaning of § 1331. The District Court correctly concluded that a federal court may determine under § 1331 whether a tribal court has exceeded the lawful limits of its jurisdiction.

*Id. See also*, *Van Aernam v. Nenno*, 2006 WL 1644691 (W.D.N.Y. June 9, 2006) (federal court has jurisdiction to hear case seeking to enjoin a state court from continuing divorce proceedings where the tribal court had previously issued a divorce decree). Accordingly, the court finds that it has jurisdiction to determine whether the tribal court had jurisdiction to enter the divorce decree. This court must now decide whether the Tribe properly had jurisdiction over the first divorce proceeding.

    *B.  Federally Defined Service Area*

This court must first determine the interplay between the federal statutes, the state law and the Ponca tribal laws. On September 5, 1962, Congress passed Public Law 87-

4

629 which terminated federal recognition of the Ponca Tribe. 25 U.S.C. § 971. However, Congress subsequently reinstated the Ponca Tribe as a federally recognized Indian tribe pursuant to Public Law 101-484, The Ponca Restoration Act, 25 U.S.C. § 983. The Ponca Restoration Act established fifteen service areas for the Tribe. Under this act, the jurisdictional area of the Ponca Tribe includes the Douglas County Service Area. 25 U.S.C. § 983c. The Tribe's aboriginal territory included Douglas County. With regard to the Ponca Tribe, this statute states:

> Notwithstanding any other provision of law, the Tribe and its members shall be eligible, on or after the date of enactment of this Act [enacted Oct. 31, 1990], for all Federal services and benefits furnished to federally recognized tribes without regard to the existence of a reservation for the Tribe. In the case of Federal services available to members of federally recognized tribes residing on or near a reservation, members of the Tribe residing in Sarpy, Burt, Platte, Stanton, Holt, Hall, Wayne, Knox, Boyd, Madison, Douglas, or Lancaster Counties of Nebraska, Woodbury or Pottawattamie Counties of Iowa, or Charles Mix County of South Dakota **shall be deemed to be residing on or near a reservation**.

25 U.S.C. § 983c**.** (Emphasis added)

Nebraska is a state governed by 28 U.S.C. § 1360, referred to as a PL-280 state, which states:

> Each of the States listed in the following table shall have jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in the areas of Indian country listed opposite the name of the State to the same extent that such State has jurisdiction over other civil causes of action, and those civil laws of such State that are of general application to private persons or private property shall have the same force and effect within such Indian country as they have elsewhere within the State:
>
>     . . . Nebraska All Indian country within the State.

5

Nebraska is authorized to retrocede jurisdiction to the tribes pursuant to 25 U.S.C. § 1323.[2]

The Tribe has established a tribal court system that has courts of general jurisdiction and that has "jurisdiction in all cases arising under the Constitution, laws, ordinances and Treaties of the Ponca Tribe of Nebraska." Article VI, Sec. 6, Constitution of The Ponca Tribe of Nebraska. The Tribal Court possesses jurisdiction over "all lands within any service area of the Tribe as defined by [the Ponca Restoration Act]." Ponca Law and Order Code § 1-4-2. Also, the Ponca Law and Order Code "authorizes the Tribal Court to grant divorces to individuals who are residents within the territorial jurisdiction of the Ponca Tribe whether the marriage was consummated under [a] marriage license issued by a Clerk of the tribal court or under any other proper civil authority." *Id.* at § 4-3-1. Upon filing for divorce, the Tribe is charged with determining custody in the best interests of the child. *Id.* at § 4-2-15. (Filing No. 1, 8:06cv503).

Short contends that both she and her husband at all relevant times herein were residents and domiciliaries of Omaha, Douglas County, Nebraska. Therefore, Short argues that Nebraska state court has jurisdiction over her divorce. Neb. Rev. Stat. § 42-341; 25 U.S.C. § 977. The Nebraska statute states "[a] divorce from the bonds of matrimony obtained in another jurisdiction shall be of no force or effect in this state, if both parties to the marriage were domiciled in this state. . . . " § 42-341. Short argues that § 1360 divests a tribe of civil jurisdiction in Nebraska unless the tribe has reached an

---

[2]The State of Nebraska has apparently entered into agreements to retrocede with the Omaha Tribe, the Winnebago Tribe and the Santee Sioux Tribe.

agreement with the State of Nebraska pursuant to 25 U.S.C. § 1323 to retrocede jurisdiction back to the tribe. She asks this court to find that the Tribe was without subject matter jurisdiction to enter the divorce decree under § 1360 and remand the case to Douglas County District Court. Short argues that Congress withdrew sovereignty by enacting § 1360, and no retrocession has occurred with the State of Nebraska and the Ponca Tribe. Therefore, she argues, the Tribe has no jurisdiction to hear divorce cases.

Miodowski contends that § 1360 arguably does not even apply to the Ponca Tribe of Nebraska. However, even if it does, Miodowski argues in the alternative that § 1360 merely grants concurrent jurisdiction and does not deprive the Ponca Tribe of jurisdiction over its civil suits. Miodowski contends that § 1360 does not limit tribal jurisdiction. *See, e.g.*, *Walker v. Rushing*, 898 F.2d 672, 675 (8th Cir. 1990) ("Nothing in the wording of Public Law 280 [ § 1360] or its legislative history precludes concurrent tribal authority"). As stated by Felix Cohen:

> The nearly unanimous view among tribal courts, state courts, lower federal courts, state attorneys general, the Solicitor of the Department of the Interior, and legal scholars is that Public Law 280 [§ 1360] left the inherent civil and criminal jurisdiction of Indian nations untouched. This conclusion flows naturally from the Indian law canons of construction, which establish that federal statutes should not be interpreted to remove tribal governmental powers unless the statutes expressly so provide. Public Law 280 [§ 1360] did not specifically extinguish any tribal court jurisdiction, and the legislative history reflects no such congressional intent.

Felix Cohen, Cohen's Handbook of Federal Indian Law § 7.02(1)(c) (2005 edition).

The court finds the Ponca Tribe had jurisdiction over the parties' divorce case. The court further finds that both Short and Miodowski lived in a federally-defined service area, Douglas County, Nebraska, at all relevant times herein. 25 U.S.C. § 983c. Such area is

viewed as an extension of the reservation. Courts have held that at Tribe has jurisdiction over a divorce action where one party is a member of the tribe and one party is not a member of the tribe. *Sanders v. Robinson*, 864 F.2d 630, 633 (9th Cir. 1988) (tribal court's divorce and custody determinations upheld where parties and child resided on reservation); W. Canby, American Indian Law 146 (1981) (tribal courts have at least concurrent jurisdiction in divorce cases where there are an Indian plaintiff and a non-tribal defendant, where they resided on reservation during the marriage); F. Cohen, Handbook of Federal Indian Law 342 (1982 ed.) (same). The Ponca Tribe is a federally recognized tribe. The court disagrees with Short's contention that the Tribe did not have proper jurisdiction over the divorce. Such an argument lacks merit. The court agrees with Miodowski that § 1360 creates concurrent jurisdiction with the Tribe and a state. If a state chooses to "retrocede" jurisdiction, the Tribe alone would then have jurisdiction over the case. Finally, the Ponca Tribe in this case clearly has established a constitution and internal laws for divorce and marriage.

### C. Failure to Object to Jurisdiction in the Tribal Court

In addition, the court finds that Short's failure to object to jurisdiction is fatal to her case. The Tribal Court expressly found that it had jurisdiction in this case. Short participated in all the hearings before the Tribal Court up until the final divorce hearing. Not once during the two-year process did Short object to the Tribal Court's jurisdiction over her or the case. She did not raise that issue until after the final decree had been entered when she filed her state court action. A non-Indian who is being sued in tribal court can challenge that court's jurisdiction but must do so first in the tribal court action

and exhaust the tribal court procedures before coming to federal court. *National Farmers Union*, 471 U.S. at 856-857. The court finds Short failed to so object or to exhaust her tribal remedies and that she was required to do so.

THEREFORE, IT IS ORDERED :

1. Short's motion to dismiss, Filing No. 5, 8:06CV443, is denied;

2. Short's motion to dismiss, Filing No. 7, 8:06CV503, is denied;

3. The court declares the Ponca Tribe had jurisdiction over the parties' divorce case; and

4. A separate judgment shall be entered in both cases in accordance with this Memorandum and Order.

DATED this 29th day of November, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge